BERGHAUSEN ET AL. *v.* CITIES MORTGAGE CO. ET AL.
OPPENHEIM ET AL. *v.* CITIES MORTGAGE CO. ET AL.

(Decided February 28, 1929.)

*Mr. Smith W. Bennett,* for plaintiffs in error.
*Mr. Charles Case, Mr. George R. Hedges* and *Mr. A. A. Schramm,* for defendants in error.

KUNKLE, J. The above cases were heard and submitted together.

In the first case, William Berghausen and nine

other persons joined as plaintiffs in a suit against the Cities Mortgage Company, a corporation, and John A. Kelly, receiver of the Cities Mortgage Company.

The petition in this case, in brief, avers that defendant the Cities Mortgage Company is a corporation organized under the laws of the state of Ohio, with its principal office in the city of Columbus, Ohio; that the defendant John A. Kelly is the duly appointed, qualified and acting receiver of said the Cities Mortgage Company; that the Cities Mortgage Company was formed for the purpose of loaning money on real estate security, buying and otherwise acquiring, and selling and otherwise dealing in, commercial paper, bonds, and other evidences of indebtedness secured by mortgage on real estate, etc.; that said defendant corporation was organized with a capital stock of $500, and afterwards increased to 50,000 shares of common no par capital stock, of which there is issued and outstanding the amount of 50,000 shares, and of 50,000 shares of preferred stock, of a par value of $100 a share, of which there is issued and outstanding 24,364 shares.

The petition further states that plaintiff in error William Berghausen, on March 4, 1925, purchased 500 shares of the capital stock of said company, without par value, for which there was issued to him certificate No. 6412, for which he paid in money the sum of $15,000; that likewise, he (the said plaintiff in error William Berghausen), on the 12th day of August, 1925, purchased 600 shares of the capital stock of said company without par value, for which there was issued to him certificate No. 6505, for which he paid in money the sum of $18,000; likewise

that he (the said William Berghausen), on the 11th day of April, 1927, purchased 1,400 shares of the capital stock of said company without par value, for which there was issued to him certificate No. 6844, for which he paid in money the sum of $42,000.

The petition then avers similar purchases of varying amounts of stock in said company by the other nine plaintiffs in error.

The petition further recites that the said plaintiffs and each of them purchased the said stock through the duly authorized agents of the defendant company, and that such agents represented to plaintiffs that said defendant company was being operated upon a profit-earning basis, and had acquired a surplus out of which dividends could be and thereafter were declared and paid to the stockholders of said company; that the duly authorized agents of said defendant company represented to plaintiffs and each of them that the proceeds of such sales were to be used by defendant company for the purpose of retiring its preferred shares of stock and leaving the common stock alone outstanding; that the voting power of the capital stock of such corporation was limited to the common stock, and that the preferred stock had no voting power until five quarterly dividends had been passed upon preferred stock; that for this reason defendant company continued from time to time to declare dividends upon the preferred stock of said corporation, which dividends had not been earned or legally declared, nor had said defendant company any surplus out of which same could be declared and paid; that defendant company did from time to time, until the month of January, 1928, continue to pay dividends

upon its preferred stock as if the same had been actually earned, when, in truth and in fact, the plaintiffs in error state said corporation was at said time insolvent and unable to pay its operating expenses, as said defendant and its officers well knew; that at the time of the purchase of said stock by plaintiffs in error, the defendant company, through its duly authorized agents, represented to plaintiffs in error and to each of them that the dividends thereafter declared and paid were duly authorized and were in compliance with the laws of Ohio; that each of said representations so made by defendant company to plaintiffs in error was false and untrue and was known to be false and untrue at the time of making the same by said defendant company and its duly authorized agents; that plaintiffs did not have any knowledge concerning the same until on or about the time application was made herein by the defendant company in the court of common pleas of Franklin county; that plaintiffs and each of them relied upon the statements so made by the defendant company and its duly authorized agents, and, relying thereon, accepted the dividends thereafter declared and paid to them and each of them, as hereinbefore stated, without any knowledge that same had been unlawfully declared and paid; that, for the purpose of making sales of the capital stock of said defendant company, the company, through its duly authorized agents, caused to be set up upon the books of the company, as part of the representations so made to these plaintiffs and others, that defendant company was the owner of cash on hand, accounts, property, etc., of the total valuation of $2,657,375.02, when in truth and in fact all of the property then

owned by the said defendant company was of a valuation of about $665,000; that said defendant company had liabilities and charges as against said valuation to exceed $444,000, leaving assets of said company at that time and ever since to the amount of about $221,000. Plaintiffs in error claim that they relied upon the representations made by said defendant company and its duly authorized agents as to the book value of said property, assets, etc., and had no other or further knowledge concerning the same, or the true valuation thereof, until after the appointment of a receiver in the court of common pleas and until after said receiver had filed in court his inventory and appraisement of such assets, which disclosed the valuations as hereinbefore set forth.

Plaintiffs in error therefore pray that an accounting may be had by and between these plaintiffs in error and the defendant company; that the stock subscriptions of these plaintiffs in error may be declared null and void; that the amount of money paid by them and each of them for their said certificates of stock may be declared to be a debt and obligation of the defendant company, and, upon an accounting, that a decree for the amount thereof be found in favor of the plaintiffs in error and each of them for the amounts so paid for stock, with interest from the time of the purchase thereof; that there further may be had an accounting of the dividends paid by defendant company to these plaintiffs in error, and each of them, and that the amount thereof be deducted from the decree and finding of this court as to the amount so paid by them for said stock, and that plaintiffs in error may have a finding and de-

cree for the difference in their favor, which plaintiffs in error claim and allege far exceeds the amount of said dividends so paid to them, and for such other and further relief as justice may require.

Prior to the bringing of this suit, leave of the court was obtained by William Berghausen and his associates to bring this action against John A. Kelly, receiver of the Cities Mortgage Company.

To the petition of plaintiffs, the receiver of the Cities Mortgage Company filed an answer in which certain averments were admitted and others denied. A cross-petition was also filed by the receiver, in which he sought to recover from the respective plaintiffs the amount of the dividends so illegally paid them.

The plaintiffs demurred to the cross-petition upon the following grounds: First, because the same does not state facts sufficient to entitle the defendants, or either of them, to recover a judgment or decree as against the plaintiffs; second, because the defendants have no legal capacity to sue.

The trial court employed the demurrer of the plaintiffs to the cross-petition of the defendants for the purpose of searching the record and overruled the demurrer as to the cross-petition of the defendants, and sustained the same as to the petition of the plaintiffs below.

The demurrer was sustained to the petition upon the theory that the claim of the plaintiffs should have first been presented to the receiver for allowance or rejection, and, if rejected, action might then have been instituted against the receiver in the receivership case.

We have carefully considered the very exhaustive

briefs which have been filed by counsel, and, without attempting to discuss in detail the authorities therein cited, have arrived at the conclusion that under the state of the record in this case the trial court improperly sustained the demurrer to the petition of the plaintiffs below.

It will be observed the defendants filed an answer to the petition, without objection, and, in addition to filing an answer to the petition, also filed a cross-petition seeking affirmative relief against the plaintiffs.

It may also be observed that the action of the receiver in filing an answer, in which certain of the averments of the petition were denied, and also in filing a cross-petition asking for affirmative relief against plaintiffs in error, would be equivalent to a rejection of the claim of plaintiffs in error; and a further filing of the claims of plaintiffs in error with the receiver for the purpose, if possible, of securing his allowance of the claims, would be doing a vain thing.

There are instances where a demurrer to an answer has been properly held by the court as reaching back and searching the petition, and, if the allegations of the petition do not state a cause of action, in sustaining a demurrer thereto. This is done upon the theory that a petition that does not state a cause of action can be attacked at any time. In this case, however, the petition, in our opinion, states a cause of action which would be good as against a demurrer if the corporation was still active, and we see no reason why it should not also be good as against the receiver, if the averments therein set forth are sustained upon the trial of the case.

The theory of the petition is that the plaintiffs were defrauded by the duly authorized officers and agents of the defendant company representing that the company was thoroughly solvent, and paying its dividends out of the earnings thereof, when, in truth and in fact, the company was insolvent and the dividends were being paid wholly or in part out of the capital of said company.

Plaintiffs claim that by reason thereof they were defrauded and deceived into the purchase of the stock in question and in allowing their stock to remain in the said company from the time of said purchase to the date of the appointment of the receiver.

The plaintiffs therefore seek to have the certificates of stock canceled, and ask that an accounting be taken between the plaintiffs and the said company, as to the amount due them, and that plaintiffs may be declared creditors of said company to the amount of the balance due them. It will be noted that the principal relief sought is the cancellation of the stock certificates.

Whether this action could be maintained within the limits of the receivership case we do not think is material at this stage of the case. It is suggested that all these questions might be determined in the receivership case. The entry sustaining the demurrer, however, finds that the petition does not state a cause of action.

The statutes of Ohio (Sections 8724 and 8728-2, General Code), expressly provide that no payment of dividends shall be made by an incorporated company except out of the earnings of such company. The averments of the petition are that the

duly authorized officers and agents of the defendant company, in violation of the statutes of Ohio, ordered and paid large dividends out of the capital of the said company. This would naturally have a tendency to promote the sale of stock to those relying upon the receipt of dividends.

The plaintiffs also allege in their petition that the agents and officers of the defendant company expressly represented that they were paying dividends exclusively out of the earnings of the company.

We think the trial court was in error in holding that the petition of the plaintiffs did not state a cause of action.

The question of laches, suggested by counsel for the defendants, would be a question of fact, at the trial of the case, rather than a question of law. The averments of the plaintiffs' petition that they did not know the facts in relation to the illegal payment of dividends until on or about the time that the receiver was appointed, and that they did not know the real condition of the company until the report of the receiver was filed, would be admitted by the demurrer, and, if so admitted, would negative any inference of laches on their part.

The principal relief sought by the plaintiffs in their petition being the cancellation of the certificates of stock issued to them, we see no reason why this question cannot be determined in a more orderly manner in this separate suit than it could in any other way.

The judgment of the lower court in sustaining the demurrer to the petition will be reversed, and the cause remanded, with instructions to overrule the

demurrer to the petition. The overruling of the demurrer to the cross-petition will be sustained.

*Judgment accordingly.*

ALLREAD and HORNBECK, JJ., concur.